[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-10262

_____

D. C. Docket No. 03-21755 CV-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

AMERITRADE TERMINALS, INC.,

Defendant-Cross-
Defendant-Appellee,

WASHINGTON INTERNATIONAL INSURANCE CO.,

Defendant-Cross-
Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 31, 2006)**

Before DUBINA and HULL, Circuit Judges, and RESTANI*, Judge

_____
*Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by
designation.

PER CURIAM:

This is an appeal from the district court's grant of summary judgment based on *res judicata* in favor of Defendant-Appellees Ameritrade Terminals, Inc. ("Ameritrade") and Washington International Insurance Co. ("Washington") in a civil action brought by the United States to enforce administrative penalties.

I.

Ameritrade acts as a shipping agent for vessels entering the United States. Washington provides international maritime bonds for shipping agents such as Ameritrade. Ameritrade acted as the port agent for a ship called the M.S. Friendly Express, Inc. ("Friendly Express"). Ameritrade, together with Washington, issued a $50,000 bond on behalf of the Friendly Express.

In the summer of 1998, the Friendly Express entered the port of Miami and customs agents discovered 51 lbs. of cocaine on board. The Friendly Express's manifest declared that it had no cargo. The Friendly Express was seized and the government issued a Notice of Penalty to Friendly Express, Ameritrade, and Washington. The penalty for Ameritrade and Washington was the forfeiture of the $50,000 bond.

The government then initiated forfeiture proceedings against the Friendly Express. During the forfeiture proceedings, Ameritrade filed a claim to collect on the expenses it incurred as a result of the ship's seizure.

Subsequently, Ameritrade and the government entered into a settlement in which Ameritrade received $5,306.93 for monies that the Friendly Express owed Ameritrade. The case was closed.

Ameritrade and Washington then pursued administrative remedies attempting to overturn the $50,000 penalty. The government denied Ameritrade's and Washington's administrative attempts to overturn the $50,000 penalty. Thereafter, the government filed a civil penalty action against Ameritrade and Washington pursuant to 19 U.S.C. § 1584(a)(2).[1] The civil penalty sought forfeiture of the $50,000 bond because of cocaine found on the Friendly Express.

The district court granted summary judgment to Ameritrade and Washington concluding that the government's claim was barred under the doctrine of *res judicata*. According to the district court, the four criteria for *res judicata* were met: (1) the prior decision was from a court of competent jurisdiction; (2) the

---

[1] Section 1584(a)(2) makes various entities liable for civil penalties when there are falsities on a ship's manifest. The merits of the government's claim under § 1584(a)(2) are not the subject of this appeal, and, thus, are not discussed in this opinion.

prior decision constituted a judgment on the merits; (3) the same parties (or those in privy with the parties) were litigating the second claim; and (4) the two claims arose out of the same cause of action. In granting summary judgment, the district court rejected the government's argument that *res judicata* did not apply because the first cause of action was an *in rem* proceeding and the second cause of action was an *in personam* proceeding. The district court also rejected the government's claim that it was unable to bring the *in personam* cause of action at the same time of the forfeiture action. The government moved for reconsideration and the district court denied the motion. The government then perfected this appeal.

## II.

The following issues are presented for appellate review:

(1) Whether the district court properly granted summary judgment based on *res judicata* in favor of Ameritrade and Washington in a civil action brought by the government to enforce administrative penalties; and

(2) Whether the district court abused its discretion in denying the government's motion for reconsideration of its summary judgment order.

## III.

We review a district court's grant of summary judgment *de novo* and, thus, we must apply the same legal standards used by the district court. *Levinson v.*

4

*Reliance Standard Life Ins. Co., 245 F.3d 1321, 1325 (11th Cir. 2001).* We review for an abuse of discretion the denial of a motion to reconsider. *United States v. Simms,* 385 F.3d 1347, 1356 (11th Cir. 2004). A district court abuses its discretion if it misapplies the law. *See Delta Air Lines, Inc. v. Air Line Pilots Ass'n., Int'l.*, 238 F.3d 1300, 1308 (11th Cir. 2001). ("[W]e accord no deference to the district court's misapplication of the law.") "Because *res judicata* determinations are pure questions of law, we review them *de novo.*" *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004).

IV.

The first cause of action in this case was dismissed after the parties entered into a settlement agreement. When the first cause of action is settled, the *res judicata* doctrine applies in a modified form, and the settlement agreement, not the original complaint, governs the scope of the doctrine. *Norfolk,* 371 F.3d at 1288 ("A judgment dismissing an action with prejudice based on the parties' stipulation, unlike a judgment imposed at the end of an adversarial proceeding, receives its legitimate force from the fact that the parties consented to it."). "In determining the *res judicata* effect of an order of dismissal based upon a settlement agreement, we should also attempt to effectuate the parties' intent. The best evidence of that intent is, of course, the settlement agreement itself." *Id.* at 1289.

5

Paragraph 12 of the settlement agreement provides that "[t]he parties stipulate and agree that the payment of Ameritrade's claim in this case will establish no precedent or basis for payment of any similar future claim of Ameritrade or any other party." Settlement Agreement ¶ 12. Furthermore, immediately after the settlement, Ameritrade and Washington attempted to pursue administrative remedies to set aside the forfeiture of the $50,000. Given ¶ 12 of the settlement agreement and the parties' actions, we conclude that the settlement agreement in this case does not act as a bar to the government's subsequent claim to enforce the civil penalties. Accordingly, the district court committed reversible error in granting summary judgment against the government in favor of Ameritrade and Washington on *res judicata* grounds. Likewise, the district court abused its discretion in denying the government's motion for reconsideration concerning the court's interpretation of the *in rem* settlement agreement's preclusive effect because, by doing so, it disregarded the law of this circuit which holds that, when prior litigation is resolved by settlement, *res judicata* applies only to those matters specified in the settlement. Here the settlement agreement resolved the *in rem* forfeiture claim only and Ameritrade's maritime lien against the forfeited vessel. By expressly contemplating that the penalty proceeding would go forward, the settlement agreement could not have intended to preclude

the government from enforcing the civil penalty against Ameritrade and Washington.

For the foregoing reasons, we reverse the district court's grant of summary judgment in favor of Ameritrade and Washington and its order denying reconsideration, and remand this case to the district court for further proceedings consistent with this opinion.

REVERSED and REMANDED.